## HALLETT MFG. CO. v. UNITED STATES.
### No. 50200.

United States Court of Claims.
April 7, 1953.

Robert L. McCarty, Washington, D. C., for plaintiff. Northcutt Ely, Washington, D. C., on the brief.

Gilbert E. Andrews, Washington, D. C., with whom was Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion to dismiss for the failure of the petition to state a claim upon which relief can be granted.

Defendant advertised for bids on furnishing 570 Diesel engines for export to Greece under the Economic Cooperation Foreign Aid Program. Plaintiff's bid was not low. It was $14,497.70 higher than the lowest bid. However, it offered to furnish the engines in sixty days, which was four months earlier than the time promised by the lowest bidder. Defendant wanted the engines as soon as it could get them, and it was willing to pay the extra $14,497.70 to get them four months earlier than the time the low bidder agreed to furnish them.

Defendant, therefore, entered into a contract with plaintiff agreeing to pay the amount of plaintiff's bid for delivery in sixty days, but to pay to it only the amount of the low bid if delivery was delayed beyond the sixty days.

The contract was not stated in these words, but this was the effect of it. The words of the contract were:

"* * * To insure * * * delivery [in sixty days] * * * you will immediately transmit to this office certified check drawn to the order of the Treasurer of the United States in the amount of $14,497.70 which check shall be held for a period of 60 days from the date of this letter. In the event that such delivery at the expiration of that 60-day period is not completed, the check shall be deposited and the proceeds thereof shall be credited to the United States as compensatory damages."

The extra $14,497.70 which defendant agreed to pay plaintiff was a premium for early delivery. This premium could be earned only by delivery within the specified time.

We can view the contract in no other light, since it is agreed that the amount of the certified check demanded was the exact difference between plaintiff's bid and the lowest bid. Deducting the amount of the check from plaintiff's bid, plaintiff's bid was as low as the lowest; but defendant agreed to pay it this extra amount if it delivered the machines when it said it would, but only on this condition.

The retention of the check was not the imposition of a penalty, but the withholding of a premium plaintiff had not earned.

There can be no doubt about what the parties agreed to. The agreement was definite, unequivocal, and unconditional; both parties fully understood it; and it has been performed according to its terms.

This view of the case makes it unnecessary to discuss article 11 of the contract, but we think it is applicable only when a contract is terminated. At any rate, it is not applicable to the case presented.

Since the machines were not delivered in the specified sixty days, plaintiff was not entitled to be paid the extra $14,497.70; and, hence, it is not entitled to recover.

Defendant's motion to dismiss must be granted, and plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.